PEOPLE v. RICE.

CRIMINAL LAW—EVIDENCE—IDENTITY—FINGERPRINTS.
  In prosecution for breaking and entering a dwelling with intent to commit larceny therein where people's case was wholly dependent upon use of fingerprint evidence and it is obvious that one exhibit, a negative, claimed to have been taken of defendant's fingerprint, was not taken from a print that had been identified as defendant's and it was a vital link in the chain of evidence establishing her identity, introduction of negative in evidence was prejudicial error.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted June 17, 1943. (Docket No. 89, Calendar No. 42,286.) Decided September 7, 1943.

Mildred Rice was convicted of breaking and entering with intent to commit larceny. Reversed and new trial granted.

*Anderson, Anderson & Anderson,* for appellant.

*Herbert J. Rushton,* Attorney General, and *Sheldon Rupert,* Prosecuting Attorney, for the people.

NORTH, J. Defendant was charged and convicted by a jury with breaking and entering a dwelling with the intent to commit larceny therein. Sentence having been imposed, she has appealed.

There is no controversy as to the offense charged having been committed. Instead, the only controverted issue is that of identifying defendant as the person who committed the crime. In establishing such identity, the people's case is wholly dependent upon the use of fingerprint evidence; and it is in the use of such evidence that appellant claims there was error in the trial of the case.

The second day after the offense was committed, an officer discovered the latent prints of two fingers, the middle finger and ring finger of a right hand, on the sill of the window through which entrance to the dwelling was made. These prints were photographed, and the developed negative is exhibit B in this case. Exhibit D is an enlargement of exhibit B. A little more than 10 months after the offense was committed, imprints of all of defendant's fingers were taken, she being at that time an inmate of the Van Buren county jail. This fingerprint card is exhibit C. An official photographer of the Michigan State police as a witness for the people testified as follows:

"Exhibit F is the negative from which this enlarged photograph (exhibit E) was made. It is taken

from the fingerprint made of a rolled impression.

"*Q.* I will hand you people's exhibit C and ask you whether or not that (exhibit F) is a negative of the picture taken of the fingerprint card?

"*A.* Yes, sir.

"*Q.* Now, it is a picture taken from what parts of of that card?

"*A.* The right middle finger and the right ring finger. I made the negative myself.

"*Mr. Rupert:* I will offer in evidence people's exhibits E and F.

"*Mr. Anderson:* The exhibits are objected to as not being properly identified.

"*The Court:* Overruled. They are received."

Following the above, a fingerprint expert, being sworn as a witness for the people, testified that he had made a comparison between exhibit F and exhibit B, and that they were made "by one and the same person." Thereafter the negatives of the fingerprints and the enlargements thereof were presented to the jury and the points of similarity or identification designated.

While the above-quoted objection to the admissibility of exhibit F and exhibit E (the enlargement of exhibit F) did not too clearly stress the contention, it did point out that they were "objected to as not being properly identified." On the record before us it appears beyond controversy that, notwithstanding the witness testified that exhibit F, which was used to identify defendant, was a negative taken from exhibit C, the fingerprint card of defendant, such is not the fact. Instead, exhibit F must have been taken from some fingerprint card other than exhibit C, and such other fingerprint card was not put in evidence in this case. There can be no doubt about this because a comparison of exhibit F with exhibit C discloses that two check marks found on exhibit F are not on exhibit C from which exhibit F

was supposed to have been taken. Further, the impressions on the fingerprint cards are located in separate squares outlined on the card; and it clearly appears that the locations of the fingerprints in the squares on exhibit F are not the same as the locations of the fingerprints in the squares on exhibit C. Also, the general exterior outline of the fingerprints on the two exhibits are not the same. It does not require professional skill to discover the above discrepancies; and from these discrepancies there is no other conclusion possible except that, notwithstanding the testimony of the witness, exhibit F was not made from exhibit C. It follows that the use of exhibit F in establishing defendant's identity with that of the person whose latent fingerprints were found on the window sill was prejudicial and necessitates reversal.

In fairness to those concerned with the prosecution, it should be said that the foregoing unfortunate irregularities of this trial evidently got into the record through inadvertence. This is a fair inference by reason of other testimony relating to fingerprints from which defendant's identity might reasonably be inferred; but this does not obviate the prejudicial error above noted. On the hearing of this appeal in this court, two fingerprint cards from the department of the Michigan State police were produced. Notations on each of these cards indicate that they are the fingerprints of the defendant herein. One of the cards is exhibit C put in evidence in the trial of this case; but the other card, so far as appears from the record, was not used in the trial of this case. It quite conclusively appears by comparison that exhibit F is a negative made from this second fingerprint card which was not in evidence at the trial. Notwithstanding this break in the chain of testimony was inadvertent, it must be held that the use of exhi-

bit F in identifying defendant constituted prejudicial error because it conclusively appears exhibit F was not made from a fingerprint card which was in any way identified as being that of defendant.

The conviction and sentence are vacated and a new trial ordered.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.